## AMARILLO GAS CO. v. CITY OF AMARILLO et al. (No. 1535.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 15, 1919.)

1. CONSTITUTIONAL LAW ☞154(2)—GAS ☞2—ORDINANCES—VALIDITY.

Where a city ordinance made the price of gas a certain amount, with the privilege of a 10 per cent. discount if paid before a certain date, a later ordinance, omitting the privilege of a discount and providing an additional 10 per cent. for delay in payment, could not be applied retrospectively, under Const. art. 1, § 16, even though the discount feature be considered a mere inchoate right or privilege.

2. CONSTITUTIONAL LAW ☞154(2)—GAS ☞2—ORDINANCES—VALIDITY.

A city ordinance, which granted a gas company the right to a minimum charge on meters, could not take effect for the month in the middle of which the ordinance went into effect, under Const. art. 1, § 16.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Suit by the Amarillo Gas Company against the City of Amarillo and others. Judgment for defendants, and the plaintiff appeals. Affirmed.

J. B. Dooley, of Amarillo, for appellant. Kimbrough, Underwood & Jackson, of Amarillo, for appellees.

BOYCE, J. The Amarillo Gas Company, prior to October 31, 1918, was operating a gas plant in the city of Amarillo, supplying the city and its inhabitants with gas, under the terms of an ordinance of the city, granting it a franchise to occupy the streets and alleys for such purpose. One of the provisions of this ordinance was to the effect that the charges made consumers for gas should not exceed the sum of $1.50 per 1,000 cubic feet for heating purposes, and $1.75 for 1,000 cubic feet for lighting purposes; "the monthly bill of consumers being subject to a discount of 10 per cent. if paid on or before the tenth day of each month." On said October 31, 1918, the city commission passed an ordinance amending the section of the said franchise ordinance relative to the charges that might be made for gas. By this amendment the basic rate of charge remained the same—that is, $1.50 and $1.75 per 1,000 cubic feet for heating and lighting purposes, respectively—but { the discount provision quoted above was omitted, and it was provided, in addition, that the gas company "may charge 10 per cent. on all bills not paid within 10 days after the bill is rendered to the customer." A new provision was also included, to the effect that' a minimum charge of $1 per month might be made on each meter used by the consumer. The gas company claimed that this ordinance took effect 'November 18, 1918, while the city contended that it did not go into effect until December 15, 1918. A decision as to when the ordinance went into effect depends on a solution of the question as to whether such matter is controlled by the general provision of the city charter as to the time of publication and taking effect of ordinances passed by the commission, or by the special provisions contained in said charter as to the publication and taking effect of franchise ordinances. Since our holding on another question renders it unnecessary to determine this issue, we will not state further the facts that would be pertinent to a decision thereof, but for the purpose of this decision only, will assume that the ordinance referred to went into effect on November 18, 1918. Pursuant to a long-established custom, and by mutual consent and· understanding between the gas company and its customers, bills for gas were rendered and were due and payable monthly on the 1st of the month next after the meter readings are taken on or about the 25th of each month. On December 1, 1918, the gas company sent out its bills for gas consumed by its customers during the time included between the approximate dates of October 25 and November 25, 1918, and claimed the right to collect payment thereof under the terms of the amendatory ordinance; that is, it proposed to allow no discount on bills paid within 10 days and to collect a surcharge of 10 per cent. on bills paid after the 10 days.

This suit was brought by the gas company against the city of Amarillo and its mayor, commissioners, manager, and corporate counsel, to enjoin the interference by the defendants with the gas company in the collection of said charges. The petition for injunction alleged, in addition to the facts as above stated, that the individual defendants were stating to plaintiff's customers, and the public generally, that the charges provided for by the amendatory ordinance were not applicable to said December bills; that customers paying such bills within the 10-day period were entitled to the discount as provided by the old ordinance and were planning to represent and to announce that the said company could not rightfully demand payment of the 10 per cent. surcharge on bills paid after the 10-day period, nor rightfully collect the minimum charge of $1 referred to. It was further alleged that the customers of the gas company reposed confidence in the correctness of the statement made by the individual defendants under the sanction of their official positions, and that many of such customers have been thus led to refuse to pay these bills without the 10 per cent. discount, and that others will be induced to refuse and continue to refuse to pay the 10

per cent. surcharge on the bills proposed to be collected; that such action will result in hundreds of delinquent bills, which it would require many vexatious and petty suits to collect; and that loss and harassing litigation will surely result. Upon a hearing of this petition, the application for temporary injunction was denied, and this appeal is from such judgment of the district court.

[1] One of the first questions suggested in the consideration of appellant's rights in the premises is whether the appellant can rightfully apply the rates fixed by the new ordinance to the gas consumed by its customers before the ordinance went into effect or specifically to the gas consumed between the approximate date of October 25th, and November 18th; and the answer to this question is, we think, decisive of the case. There was an implied contract between the gas company, and the consumer using gas prior to November 18th, that such gas would be paid for at the rate established by the ordinance then in effect. Any law that would retroact so as to change the substantial rights and obligations of this contract as to transactions already had under it would be to that extent unconstitutional and void. Const. Tex. art. 1, § 16. Appellant contends that the amendatory ordinance does not change any substantial right of the consumer; that the discount feature of the contract is a mere inchoate right or privilege which might be lawfully withdrawn; and that the surcharge is a penalty for nonpayment, which the lawmaking bodies of the government may provide and apply to existing contracts. If it be conceded that the discount privilege is not a vested right, the argument is ingenious, though not even then convincing to our minds. It will be seen, from the statement we have made, that the practical and necessary result of the amendment was to require the consumer to pay considerably more for his gas than he would have been required to pay under the old rates. There was no period of time when he could pay his bill without a substantial addition to the amount thereof. If he paid within the 10-day period, he was required to pay 11 1/9 per cent. more than under the old rates; if he paid after the 10-day period, then the payment was 10 per cent. more. The purpose and effect, therefore, of the ordinance, was to increase the gas rate in the amount we have indicated. That this was accomplished by the use of the same base rates in the new ordinance as in the old, from which base rates the amounts to be paid were to be determined by discount and surcharge, is not material, since we should regard the substance of the transaction, and not the form. The rates established by the new ordinance did inevitably make a substantial change in the rights and obligations of the consumer, and we conclude cannot be applied to the gas consumed prior to the time the ordinance took effect.

[2] It does not appear that the gas company had any minimum charge on meters prior to the enactment of this amendatory ordinance, and presumably the users of gas, no matter how small the quantity used, were, prior to this time, paying at the established rate fixed by the ordinance referred to. Such rates would then be a part of the contract, and, after proceeding under such contract for three-fourths of the month, an arbitrary minimum charge could not, for the same reason we have stated in discussing other charges, be applied to the existing contract.

The gas company, therefore, appears to be proposing to exceed its lawful rights in the collection of these bills rendered December 1st, and is not entitled to the aid of a court of equity in this purpose. This holding makes it unnecessary to determine whether an injunction would be proper in the event the company was acting within its rights in such matter.

The judgment of the district court is affirmed.